BRANCART & BRANCART
   Christopher Brancart (SBN 128475)
   cbrancart@brancart.com
   Liza Cristol-Deman(SBN 190516)
   lcristoldeman@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel:  (650) 879-0141
Fax:  (650) 879-1103

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RHONDA SEBASTIAN;
ASHLEY SEBASTIAN; and
ZACHARY SEBASTIAN,
individually and on behalf of the
GENERAL PUBLIC,

        Plaintiffs,

     vs.

MARTIN KLEIN, individually and
doing business as the
KENSINGTON MANOR
APARTMENTS; and, STEVEN R.
SELZER,

        Defendants.

Case No.  CV09 -9418 JHN (MLGx)

**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF; CERTIFICATE OF INTERESTED PARTIES**

## I. __INTRODUCTION__

1.    In this action, the plaintiffs seek monetary, declaratory and injunctive relief against defendants for discriminating against persons with children in the operation of the apartment building known as Kensington Manor, located at 12601 and 12605 Kensington Lane in Garden Grove, California, in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq. and related state laws.   The plaintiffs are a mother and her two teenaged children, who were minors at all times relevant to the events described herein, who were injured by defendants' discriminatory housing practices at the Kensington Manor Apartments.

## II. **JURISDICTION AND VENUE**

2.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within the City of Garden Grove, in Orange County, California.

## III. **PARTIES**

4.     Plaintiff Rhonda Sebastian is a resident of Orange County, California.  She resides with her two teenaged children, Ashley Sebastian and Zachary Sebastian.

5.     Plaintiff Ashley Sebastian is a resident of Orange County, California.  Ashley Sebastian is in high school and resides with her mother, Rhonda Sebastian.  At the time of the events described herein, Ashley Sebastian was under the age of 18.  She is now 18 years old.

6.     Plaintiff Zachary Sebastian is a resident of Orange County, California.  Zachary Sebastian is in high school and resides with his mother, Rhonda Sebastian.  At the time of the events described herein, Zachary Sebastian was under the age of 18.  He is now 18 years old.

7.     At all times relevant, defendant Martin Klein., a California resident, was the owner of the Kensington Manor Apartments.  The Kensington Manor Apartments is comprised of two adjacent buildings with approximately 24 units available for rent to the general public.  The two buildings share a common courtyard and parking areas.  The Kensington Manor Apartments is a dwelling

1   within the meaning of the Fair Housing Act, 42 U.S.C. section 3602, and a
2   housing accommodation within the meaning of the California Fair Employment
3   and Housing Act, Government Code section 12927.

4         8.    At all times relevant, defendant Steven R. Selzer was employed as the
5   on-site manager of the Kensington Manor Apartments.  Plaintiffs are informed and
6   believe, and allege thereon, that Mr. Selzer continues to be employed as the on-site
7   manager of the Kensington Manor Apartments.

8         9.    Each defendant was, at all times relevant, the agent, employee or
9   representative of each other defendant; each defendant, in doing the acts or in
10  omitting to act as alleged in this complaint, was acting within the course and scope
11  of his or her actual or apparent authority pursuant to such agency; or the alleged
12  acts or omissions of each defendant as agent were subsequently ratified and
13  adopted by each defendant as principal.

14  **IV. FACTS**
15  **A. INTRODUCTION**

16       10.   Defendants have engaged in a pattern or practice of discrimination
17  against people with children in the operation of the Kensington Manor
18  Apartments.  Defendants' pattern or practice of discrimination includes, but is not
19  limited to:

20      a.    Making statements indicating a limitation, preference or
21  discrimination, or the intent to discriminate, based on familial status;
22      b.    Imposing different application procedures in connection with the
23  rental of a dwelling, because of familial status;
24      c.    Refusing to rent with families with children on the basis of their
25  familial status; and,
26      d.    Segregating or attempting to segregate families with children to the
27  first floor of the Kensington Manor Apartments on the basis of their familial
28

-3-

1       status.

2   ///

3   **B.  PLAINTIFF RHONDA SEBASTIAN'S ATTEMPT TO RENT AT THE**

4   **KENSINGTON MANOR APARTMENTS**

5       11.     On or around January 22, 2009, Rhonda Sebastian visited the

6   Kensington Manor Apartments to inquire about renting an apartment for herself

7   and her two children, Ashley Sebastian and Zachary Sebastian, who were minors

8   at the time.

9       12.     Ms. Sebastian knocked on the manager's door.  There was no answer.

10  Ms. Sebastian saw a man painting a vacant apartment in the apartment complex.

11  Ms. Sebastian asked the man for information about renting an apartment at the

12  Kensington Manor Apartments.  During the conversation, Ms. Sebastian disclosed

13  that she had two children.  The man painting the apartment told Ms. Sebastian,

14  "they don't rent to kids," or words to that effect.  He stated that the apartment

15  manager would return soon.  Ms. Sebastian waited nearby.

16      13.     Within a short time, the manager, defendant Steven Selzer, returned

17  to the Kensington Manor Apartments.  Ms. Sebastian met with him and asked

18  about renting an apartment.  Mr. Selzer told her that there was a one-bedroom

19  apartment for rent upstairs.  Ms. Sebastian stated that was interested in seeing the

20  apartment.  Mr. Selzer pointed out the apartment and said she could go see it.

21      14.     Ms. Sebastian told Mr. Selzer that she was interested in renting the

22  apartment for herself and her two children.  Mr. Selzer told Ms. Sebastian that he

23  usually did not rent to families with children and would absolutely not allow

24  children to live on the second floor of the complex.  He stated that having children

25  in second floor apartments would be too noisy.  Ms. Sebastian stated that her

26  children were in high school and were very well-behaved.  She stated that they

27  were good students and very quiet.  Mr. Selzer stated that he preferred renting to

28                                      -4-

1   applicants who were referred by a current tenant at the Kensington Manor
2   Apartments.  He also stated that "we would all have to sit down together," and that
3   he must first meet her children before he would even consider renting to her
4   family.

5        15.    Ms. Sebastian requested a rental application.  She completed the
6   application and returned it to Mr. Selzer.  After she returned the application, Mr.
7   Selzer did not contact her.  Ms. Sebastian then called Mr. Selzer to inquire about
8   the status of her application.  She did not reach Mr. Selzer, and he did not call her
9   back.  At no time did defendants offer to rent to Ms. Sebastian.

10  **C. INVESTIGATION BY THE FAIR HOUSING COUNCIL OF ORANGE**
11                          **COUNTY, INC.**

12        16.    On or about the same day, January 22, 2009,  Ms. Sebastian called the
13  Fair Housing Council of Orange County, Inc. )|("FHCOC") a local non-profit
14  agency, to complain about defendants' discriminatory housing practices.

15        17.    In response to Ms. Sebastian's complaint, FHCOC conducted an
16  investigation which included sending fair housing testers to the Kensington Manor
17  Apartments.  That investigation corroborated Ms. Sebastian's allegations.

18        18.    On February 27, 2009, Tester "A" visited the Kensington Manor
19  Apartments.  She went to apartment number 5, which stated "Manager" on the
20  door.  The man who answered the door identified himself as the manager.  Tester
21  "A" stated that she was looking for an apartment for herself and her two teenaged
22  children.  The manager stated that he had one apartment available upstairs but
23  would not rent it to anyone with children.  The tester asked if he had any other
24  apartments that he would rent to someone with children.  The manager said that he
25  did not, and that no children were allowed.  He then stated that he did not feel well
26  and closed the door.  Tester "A" left.

27        19.    On March 14, 2009, Tester "B" visited the Kensington Manor
28

-5-

1   Apartments.  She went to apartment number 5 and knocked.  No one answered.
2   As the tester was leaving and getting into her car, a man came out of apartment
3   number 5 and began waiving at the tester to return.  The tester returned to
4   apartment number 5.  She introduced herself to the man and stated that she was
5   looking for a one-bedroom apartment to share with her two teenaged children.
6   The man replied that he had a one-bedroom apartment available, but that it was an
7   "adults only" complex.  He added that it would not "do any good" for Tester "B"
8   to see the unit since he would not rent it to her and her children.  Tester "B" stated
9   that her children might move in with her ex-husband.  She asked to see the unit.
10  The man agreed to show her apartment number 10 and stated that it was just above
11  his unit, apartment number 5.

12      20.    Tester "B" looked around apartment number 10 and commented that
13  she liked the layout.  The man stated that "it did not matter" if she liked the
14  apartment if her kids did not move in with her ex-husband, or words to that effect.
15  Tester "B" finished looking around the apartment and asked the man for his name.
16  The man shook her hand and stated that his name was "Steve."  Tester "B" asked
17  about the rent and the deposit, and he gave her that information.  She thanked
18  Steve and left.

19      21.    On March 14, 2009, Tester "C", visited the Kensington Manor
20  Apartments and met with Steve, the manager.  Steve stated that there were two
21  apartments available and offered to show them to Tester "C."  While inspecting
22  one of the apartments with Steve, Tester "C" stated that she was seeking an
23  apartment so share with her sister and aunt.  Steve stated that "that might be a
24  problem," or words to that effect.  He then asked Tester "C" if all three were
25  adults.  The tester stated that they were all over the age of 50.  Steve stated that he
26  was "in that club [over 50], too," and proceeded to provide additional rental
27  information to Tester "C."  He asked the tester about her employment and stated
28  that he would not necessarily run a credit report.  He then offered to show Tester

-6-

1 "C" a second apartment that was vacant and provided her with a rental application.

2 He advised Tester "C" that he could let her know the status of her application

3 within 24 hours if she completed and returned it over the weekend. He also

4 advised Tester "C" that she could have two parking spaces. Tester "C" thanked

5 Steve and left.

### D.  INJURIES

7     22.    By reason of defendants' unlawful acts or practices, plaintiff Rhonda

8 Sebastian has suffered emotional distress, including humiliation, mental anguish,

9 and attendant bodily injury, violation of her civil rights, loss of dignity,

10 embarrassment and otherwise sustained injury. Rhonda Sebastian also lost

11 important housing opportunity when defendants refused to rent to her on the basis

12 of her protected status.  Accordingly, she is entitled to compensatory damages and

13 statutory damages.

14     23.    By reason of defendants' unlawful acts or practices, plaintiff Ashley

15 Sebastian  has suffered violation of her civil rights, loss of an important housing

16 opportunity, and related damages.  Accordingly, she is entitled to compensatory

17 and statutory damages.

18     24.    By reason of defendants' unlawful acts or practices, plaintiff Zachary

19 Sebastian has suffered violation of his civil rights, loss of an important housing

20 opportunity, and related damages.  Accordingly, he is entitled to compensatory

21 and statutory damages.

22     25.    In doing the acts of which plaintiffs complain, defendants acted with

23 oppression, fraud and malice, and with wanton and conscious or reckless disregard

24 of the federally protected rights of plaintiffs.  Accordingly, plaintiffs are entitled to

25 punitive damages.

26     26.    There now exists an actual controversy between the parties regarding

27 defendants' duties under the federal and state fair housing laws.  Accordingly,

28 plaintiffs are entitled to declaratory relief.

27.     Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.  Plaintiffs have no adequate remedy at law. Plaintiffs are now suffering and will continue to suffer irreparable injury from defendants' acts and their pattern or practice of discrimination against persons with disabilities unless relief is provided by this Court.  Accordingly, plaintiffs are entitled to injunctive relief.

## V.  CLAIMS

### A.  FIRST CLAIM

### [Fair Housing Act]

28.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

29.     Defendants injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

### B.  SECOND CLAIM

### [California Fair Employment and Housing Act]

30.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

31.     Defendants injured plaintiffs by committing unlawful housing practices in violation of the California Fair Employment and Housing Act, California Government Code § 12955,  et seq.

### C.   THIRD CLAIM

### [California Unruh Civil Rights Act]

32.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

33.     Defendants injured plaintiffs in violation of the Unruh Civil Rights Act, California Civil Code § 51 et seq., by discriminating against persons with children in the operation of the Kensington Manor Apartments, a business establishment.

## D.  FOURTH CLAIM
### [Unfair Business Practices]

34.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

35.    In acting as herein alleged, defendants injured plaintiffs by engaging in a pattern or practice of unlawful conduct in the operation of the Kensington Manor Apartments in violation of the California Business and Professions Code § 17200, et seq.

## E.  FIFTH CLAIM
### [Negligence]

36.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

37.    Defendants injured plaintiffs by want of ordinary care or skill in the management of their property, person, or agents in violation of California Civil Code § 1714.

## VI.  RELIEF

Wherefore, plaintiffs pray for entry of a judgment against the defendants that:

1.    Awards compensatory and punitive damages according to proof;

2.    Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3.    Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal opportunities to persons regardless of their familial status;

4.    Awards statutory damages to each plaintiff against each defendant pursuant to the Unruh Civil Rights Act;

5.    Awards costs of this action, including reasonable attorneys' fees; and,

6.    Awards all such other relief as the Court deems just.

Dated: December 16, 2009.

Respectfully submitted,

BRANCART & BRANCART

Liza Cristol-Deman
lcristoldeman@brancart.com
Attorneys for Plaintiffs

## VII. <u>CERTIFICATE OF INTERESTED PARTIES</u>

Pursuant to Local Rule 7.1-1, plaintiffs hereby provide their certificate of interested parties.  The following listed parties have a pecuniary interest in the outcome of this case:

- Plaintiff Rhonda Sebastian;
- Plaintiff Ashley Sebastian;
- Plaintiff Zachary Sebastian;
- Defendant Martin Klein;
- Defendant Steven Selzer; and,
- Kensington Manor Apartments.

These representations are made to enable the Court to evaluate possible disqualification or recusal.

Dated: December 16, 2009.

Respectfully submitted,

BRANCART & BRANCART

Liza Cristol-Deman
lcristoldeman@brancart.com
Attorneys for Plaintiffs

-10-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jacqueline Nyguen and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## CV09- 9418 JHN (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Liza Cristol-Deman (SBN 190516)
Brancart & Brancart
PO Box 686
Pescadero, CA 94060
tel: 650-879-0141    fax: 650-879-1103

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA SEBASTIAN; ASHLEY SEBASTIAN; and, ZACHARY SEBASTIAN, individually and on behalf of the GENERAL PUBLIC,<br><br>PLAINTIFF(S)<br><br>v.<br><br>MARTIN KLEIN, individually and doing business as the KENSINGTON MANOR APARTMENTS; and, STEVEN R. SELZER<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09 -9418 JHN (MLGx)**<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): -_____ _____
_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Liza Cristol-Deman_____, whose address is PO Box 686, Pescadero, California 94060; lcristoldeman@brancart.com_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC 2 3 2009
_____

By: _____DONNIE LAGMAN_____
                Deputy Clerk

                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

Name & Address:
Liza Cristol-Deman (SBN 190516)
Brancart & Brancart
PO Box 686
Pescadero, CA 94060
tel: 650-879-0141   fax: 650-879-1103

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA SEBASTIAN; ASHLEY SEBASTIAN; and, ZACHARY SEBASTIAN, individually and on behalf of the GENERAL PUBLIC,<br><br>PLAINTIFF(S)<br><br>v.<br><br>MARTIN KLEIN, individually and doing business as the KENSINGTON MANOR APARTMENTS; and, STEVEN R. SELZER<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09 -9418 JHN (MLGx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____ _____

_____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Liza Cristol-Deman_____, whose address is PO Box 686, Pescadero, California 94060; lcristoldeman@brancart.com_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   DEC 2 3 2009
_____

By: _____
          **DODJIE LAGMAN**
          Deputy Clerk

*SEAL*

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Liza Cristol-Deman (SBN 190516)
Brancart & Brancart
PO Box 686
Pescadero, CA 94060
tel: 650-879-0141    fax: 650-879-1103

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA SEBASTIAN; ASHLEY SEBASTIAN; and, ZACHARY SEBASTIAN, individually and on behalf of the GENERAL PUBLIC,<br><br>                              PLAINTIFF(S)<br><br>                    v.<br><br>MARTIN KLEIN, individually and doing business as the KENSINGTON MANOR APARTMENTS; and, STEVEN R. SELZER<br><br>                              DEFENDANT(S). | CASE NUMBER<br><br>**CV09 -9418 JHN (MLGx)**<br><br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): _____  _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Liza Cristol-Deman_____, whose address is _PO Box 686, Pescadero, California 94060; lcristoldeman@brancart.com____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

DEC 2 3 2009

Dated: _____

By: _____

**DODJIE LAGMAN**     *SEAL*

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| RHONDA SEBASTIAN; ASHLEY SEBASTIAN; and ZACHARY SEBASTIAN, individually and on behalf of the GENERAL PUBLIC | MARTIN KLEIN individually and  doing business as the KENSINGTON MANOR APARTMENTS; and STEVEN R. SELZER |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Liza Cristol-Deman<br>BRANCART & BRANCART<br>PO BOX 686, PESCADERO, CA 94060   TEL: 650-879-0141 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
42 USC 3601 ET SEQ.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**CV09 -9418 JHN (MLGx)**

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ALL PLAINTIFFS ARE RESIDENTS OF ORANGE COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| PLAINTIFFS ARE INFORMED AND BELIEVE THAT ALL DEFENDANTS ARE RESIDENTS OF ORANGE COUNTY | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Thompson_   Date  12.16.09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                   CIVIL COVER SHEET                                   Page 2 of 2